Heirs of Arturo Vázquez Prada, Plaintiffs and Appellants, v. Manuel Gómez, Defendant and Appellee.

No. 5028. Argued July 22, 1929.—Decided July 26, 1929.

*José Soto Rivera,* for appellant. *M. Acosta Velarde,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Appellee herein seeks a dismissal of the present appeal, (1) because, since it appears impossible to determine whether the appellants intend to perfect the same by means of a statement of the case or of a transcript of the evidence, in trying to pursue jointly both these methods of procedure the appellants have failed in the prosecution of the appeal; (2) because in any case the motions for extensions were filed by a person without authority therefor; and (3) because the appeal is frivolous.

The judgment was rendered on January 7, 1929, and the appeal taken on the 2nd of the following February. On that same day of February 2nd the court, on motion of the appellant heirs through their attorney, ordered the stenographer to deliver to the latter a copy of the stenographic record within "the most reasonable time possible." Appellants were prosecuting the action *in forma pauperis.*

On the 20th of the same month of February, L. J. E. Vázquez Prada, one of the appellant heirs, filed a motion based on several grounds for an extension of 67 days for the stenographer to prepare the stenographic record, which motion was granted by the court. Thereafter a new extension of 60 days was granted, and finally another "for filing the statement of the case", just as it had been expressly applied for, and at its expiration the same was extended to September 30, 1929.

In an opposition to the motion for dismissal it is urged by the appellant heirs that, in accordance with the jurisprud-

ence laid down in *Peña* v. *Vergne de la Concha,* 38 P.R.R. 889, the fact that their attorney applied for the transcript of the stenographic record implies that plaintiffs decided to avail themselves of the transcript of the evidence; and in regard to the last extension requested for filing the statement of the case, which was granted accordingly, they claim that the mistake was due to the fact that this last extension was applied for by one of the appellant heirs who is not a lawyer, and that he acted because of the death of their attorney, R. Guillermety, Esq., and in order not to allow the appeal to lapse.

The confusion is evident and difficult to explain because not only the last extension but the former ones as well had been applied for by L. J. E. Vázquez Prada himself.

However, as the mistake may have occurred and the district court may be requested to correct it in accordance with the doctrine laid down in the case of *Jeannot* v. *Dalmau,* 32 P.R.R. 38, invoked by the appellee, and as it was evidently the purpose of the appellants to prosecute their appeal without allowing any of the extensions to expire, we must presume that they elected to prosecute the same by means of the transcript of the evidence and decide that, such prosecution being active and in all its force even in the trial court, the dismissal of the appeal does not lie.

By the second assignment the authority of L. J. E. Vázquez Prada to appear before the court to secure the extensions above mentioned is challenged.

In construing section 51 of the Code of Civil Procedure, which provides that "appearance in court shall be made through an attorney legally empowered to exercise his profession," this Supreme Court in *Hernández* v. *District Court,* 15 P.R.R. 251, held that in order to render the said section constitutional it must be construed in the sense that "it relates to actions where one of the parties might want to be represented by another, and in such cases appearance should be made by attorney," but never in the sense of prohibiting

the appearance of a party in his own behalf, which doctrine was afterwards re-affirmed in *Matos* v. *Caraballo,* 28 P.R.R. 866, as follows (quoting from the syllabus):

"In all judicial proceedings the party really interested may prosecute his action personally before the court without being represented by counsel. Section 51 of the Code of Civil Procedure is applicable when the interested party wishes to be represented by another person."

Now, can the personality of the litigant appearing personally be extended so as to include the entire succession (*sucesión*) of which he is a member?

In our opinion, and restricting our decision to the facts, of this case, that is, to the application for an extension of time for perfecting an appeal already duly instituted, the question may and should be answered affirmatively.

There only remains to consider the last assignment. This is, indeed, a very peculiar case. Perhaps appellee is right and the appeal may be entirely frivolous, but without having before us the evidence heard which, together with the pleadings, formed the basis of the judgment rendered by the trial court, it is not possible for us to decide the question raised. It has been so held repeatedly by this court.

For the foregoing reasons the motion to dismiss must be overruled.